UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENEICE ANDERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:23-cv-01071-SEB-MJD |
| WAL-MART ASSOCIATES, INC., WALMART INC., WAL-MART STORES EAST, LP, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on Defendants Wal-Mart Associates, Inc., Walmart Inc., and Wal-Mart Stores East, LP's (collectively "Defendants") Motion to Dismiss *pro se* Plaintiff Deneice Anderson's ("Ms. Anderson") Complaint. For the reasons explained below, Defendants' motion is **GRANTED**.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a) requires a federal pleading to contain "a short and plain statement showing that the pleader is entitled to relief." To survive a motion to dismiss, pursuant to Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Put differently, it is not enough for a plaintiff to say that she has been illegally harmed. She must also state enough facts in

1

her complaint for the Court to infer the ways in which the named Defendants could be held liable for the harm alleged.

Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). *Pro se* complaints, such as that filed by Ms. Anderson, are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

When evaluating the sufficiency of a complaint's factual allegations, courts may consider "documents attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to h[er] claim." *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994). Defendants here have attached to their Motion to Dismiss Ms. Anderson's Charge of Discrimination, which we properly consider because Ms. Anderson refers to it in her Complaint and it is central to her claims.

## FACTUAL BACKGROUND

For purposes of this Rule 12(b)(6) motion, "we assume all well-pleaded facts are true and view those facts in the light most favorable to the plaintiff." *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

Ms. Anderson brought this action against Walmart, her former employer, alleging that it unlawfully discriminated against her on the basis of disability, in violation of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12112 *et seq.* Ms.

Anderson avers that she suffers a qualifying disability, though she has not specified what her disability is.

Ms. Anderson alleges that, after returning from bereavement leave in September 2019, her employer temporarily assigned her to work in a different department. She apparently requested that she return to her usual department "to adjust to the flow of working again," which request was denied by her supervisor. Charge of Discrimination 2, dkt. 14-1. Ms. Anderson attempted to adjust to the fast-paced environment of this new department, but she experienced an unspecified "medical event" for which she received three hours of medical treatment. Ms. Anderson returned to work the next day, and shortly thereafter, the human resources department circulated an email to remind management that employees should not be assigned to work outside their usual departments. According to Ms. Anderson, she was issued a "step 3 reprimand" soon thereafter, despite having no prior disciplinary record. Ms. Anderson avers that she reported this disciplinary incident to the President of the company. Later that week, the company's Assistant President visited Ms. Anderson's workplace, retrained management, and removed the step 3 reprimand from her work file.

In November 2020, Ms. Anderson requested and was granted leave "connected to the difficulties with childcare that [COVID-19] caused." *Id.* In May 2021, Ms. Anderson received a telephone call from her employer, during which her employer allegedly threatened to terminate her employment if she did not promptly return to work. When Ms. Anderson returned to work in June 2021, she "began receiving regular write-ups for not meeting performance standards," and "was consistently harassed . . . by Human Resources." *Id.* at 3.

Upon her return from a seven-day medical leave on December 23, 2021, Ms. Anderson was terminated.

On September 14, 2022, Ms. Anderson filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC"), alleging that she had been discriminated against in violation of the ADA. On March 27, 2023, she received a Notice of Right to Sue Letter from the EEOC, which letter provided her through June 25, 2023, to file a lawsuit (though the letter was not attached to the Complaint).

On June 20, 2023, Ms. Anderson filed the instant Complaint, averring that Walmart unlawfully discriminated against her by imposing unequal terms and conditions on her employment; failing to accommodate her disability; and terminating her employment. Defendants have moved to dismiss the Complaint, which motion awaits a ruling.

## DISCUSSION

In moving to dismiss, Defendants contend that Ms. Anderson's claims are time-barred and that Ms. Anderson has otherwise failed to allege facts that plausibly suggest her termination was connected to any alleged disability. We address both arguments below.

### I.    TIME-BARRED CLAIMS

A charge of discrimination under the ADA must be filed with the Equal Employment and Opportunity Commission within 300 days of the alleged violation. *Sharp v. United Airlines Inc.*, 236 F.3d 368, 372 (7th Cir. 2001). This 300-day clock "begins to run when the defendant has taken the action that injures the plaintiff and when the plaintiff knows she has been injured." *Id.* An untimely claim is barred and cannot proceed. *Muckenfuss v.*

*Tyson Fresh Meats, Inc.*, 581 F. Supp. 3d 1114, 1119 (N.D. Ind. 2022) (citing *Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000)).

Here, Ms. Anderson filed her EEOC Charge on September 14, 2022; therefore, her claims that accrued prior to November 18, 2021, are time-barred. Ms. Anderson alleges that, after returning from bereavement leave in September 2019, she was temporarily placed in a different department, which caused the onset of a medical emergency. Ms. Anderson also alleges that she took COVID-19-related leave from November 2020 through June 2021, during which leave her employer allegedly phoned her and threatened termination if she failed to return to work. By Ms. Anderson's own factual averments, these incidents occurred before November 18, 2021, meaning that they are time-barred and must be dismissed accordingly. Ms. Anderson's allegations regarding her termination on December 23, 2021, were timely filed in her EEOC Charge and need not be dismissed on timeliness grounds.

**II.    SUFFICIENCY OF THE COMPLAINT**

The ADA prohibits employers from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Such unlawful "[d]iscrimination can take the form of treating a disabled employee differently from other workers or failing to make reasonable accommodations to the known limitations of the employee." *Youngman v. Peoria Cnty.*, 947 F.3d 1037, 1042 (7th Cir. 2020) (citing 42 U.S.C. § 12112(b)).

In the Complaint at bar, Ms. Anderson claims that Defendants failed to accommodate her disability. To state a failure-to-accommodate claim, a plaintiff must adequately plead (1) that she is a qualified individual with a disability; (2) that her employer was aware of her disability; and (3) that her employer failed to reasonably accommodate her disability. *Id.*

Ms. Anderson also claims that Defendants discriminated against her by imposing unequal terms and conditions on her employment and ultimately terminating her. To state these discrimination claims successfully, a plaintiff must allege (1) that she suffers a qualifying disability; (2) that she was qualified to perform the essential functions of the job, either with or without reasonable accommodation; and (3) that her disability was the "but for" cause of an adverse employment action. *Scheidler v. Indiana*, 914 F.3d 535, 541 (7th Cir. 2019); *e.g.*, *Brooks v. Avancez*, 39 F.4th 424, 440 n.11 (7th Cir. 2022).

At the pleading stage, "a plaintiff 'need not plead detailed factual allegations' " but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)). In the employment discrimination context, a plaintiff "must advance *plausible* allegations that she experienced discrimination because of her protected characteristics." *Id.* (citation omitted). As explained by the Seventh Circuit, "[a] litigant's best shot at stating a plausible employment discrimination claim is to explain, in a few sentences, how she was aggrieved and what facts or circumstances lead her to believe her

treatment was *because of* her membership in a protected class." *Id.* at 777–78 (emphasis in original).

"[A] plaintiff alleging discrimination on the basis of an actual disability . . . must allege a specific disability." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). Indeed, a "defendant in a disability discrimination suit does not have fair notice [of the claims against it] when the plaintiff fails to identify h[er] disability." *Id.* at 346. Under the ADA, a "disability" is "a physical or mental impairment that substantially limits one or more major life activities," "a record of such impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(1). Further, "a person with an impairment that substantially limits a major life activity, or a record of one, is disabled, even if the impairment is 'transitory and minor' (defined as lasting six months or less)." *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172–73 (7th Cir. 2013) (citing 42 U.S.C. § 12102(3)(B)).

Here, Ms. Anderson avers that, in December 2021, she was terminated after returning from a seven-day medical leave. While she has identified the type of discrimination that she thinks occurred (disability), by whom (her employer), and when (in connection with her termination on December 23, 2021), she has failed to describe the nature of her disability. *See Swanson*, 614 F.3d at 405. By omitting a description of her alleged disability, Ms. Anderson has not provided Defendants with fair notice of the claims against them. *Tate*, 809 F.3d at 345–46; *see Gunawardana v. Am. Veterinary Med. Ass'n*, 515 F. Supp. 3d 892, 914 (S.D. Ill. 2021), *aff'd*, No. 21-1330, 2021 WL 4951697 (7th Cir. Oct. 25, 2021) (explaining that "short, plain statements, as long as they include a specific disability, pass

7

the Rule 12(b)(6) test"). Accordingly, Ms. Anderson's ADA discrimination claims must be dismissed without prejudice for failure to state a claim.

## CONCLUSION

For the reasons detailed above, Defendants' Motion to Dismiss, dkt. 14, is **GRANTED**. Ms. Anderson's claims relating to the September 2019 and November 2020 incidents are wholly time-barred and are therefore **DISMISSED with prejudice**. Similarly, Ms. Anderson's claims relating to her December 2021 termination are **DISMISSED without prejudice** for failure to state a claim.

We will provide Ms. Anderson an opportunity to file an amended complaint that resolves the deficiencies cited in this entry as to her ADA discrimination and failure-to-accommodate claims, insofar as they are not time-barred. Ms. Anderson's amended complaint should set forth all allegations with as many concrete details as possible and describe the nature of her alleged disability so as to provide Defendants with sufficient notice. Ms. Anderson must file her amended complaint **WITHIN FORTY (40) DAYS** of the date of this Order or this action will be dismissed with prejudice.

IT IS SO ORDERED.

Date: 6/6/2024

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DENEICE ANDERSON
7629 Soper Circle
Indianapolis, IN 46214

Caitlin S. Schroeder
Ogletree Deakins
caitlin.schroeder@ogletree.com

Susan M. Zoeller
Ogletree Deakins
susan.zoeller@ogletree.com